By the Court :
' The laws of this State have conferred upon its municipal corporations power to establish and organize lire companies, procure engines and other instruments necessary to extinguish fire, and preserve the buildings and property within’ their limits from conflagration; and to prescribe such by-laws and regulations for the government of said companies as may be deemed expedient. But the powers thus conferred are in their nature legislative and govern *22 mental; the extent and manner of their exercise, within the sphere prescribed by statute, are necessarily to be determined by the judgment and discretion of the proper municipal authorities, and for any defect in the execution of such powers, the corporation cannot be held liable to individuals. Nor is it liable for a neglect of duty on the part of fire companies, or their officers, charged with the duty of extinguishing fires. The power of the city over the subject is that of a delegated quasi sovereignty, which excludes responsibility to individuals for the neglect or non-feasance of an officer or agent charged with the performance of duties. The case differs from that where the corporation is charged by law with the performance of á duty purely ministerial in its character.- We know of no case in which an action like the present has been held to be maintainable. Brinkmeyer v. Evansville, 29 Ind. R. 187; Western College of Medicine v. City of Cleveland, 12 Ohio St. R. 375.
Leave to file petition in error refused.